UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY DON SYLVESTER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-07-33 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE ORIGINAL PETITION WITH THE FIFTH CIRCUIT AND ORDER GRANTING TEN-DAY EXTENSION OF TIME TO FILE OBJECTIONS

Petitioner filed this petition pursuant to 28 U.S.C. § 2254, challenging Harris County convictions for aggravated sexual assault and forgery (D.E. 1).  On May 30, 2007, a memorandum and recommendation was filed, recommending to the District Judge that petitioner's petition be dismissed as a successive petition, and recommending also that the petition be dismissed as time barred and on the merits (D.E. 14).  Petitioner has not yet filed objections.  On June 11, 2007, petitioner filed a motion titled "Motion for leave to file original petition with the 5th Circuit Court of Appeals" (D.E. 18).

Petitioner states that "this is an extraordinary case that requires the United States Court of Appeals for the Fifth Circuit to exercise original jurisdiction because the proceedings in the trial court are void and an appeal will not be an adequate remedy" (D.E. 18).  Petitioner cites no authority for this statement and it is difficult to determine just exactly what type of relief he is seeking.

If petitioner is attempting to move the Fifth Circuit for leave to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A), he does not need the permission of the District Court to

do so.  He may file his motion directly with the Fifth Circuit at any time.  If petitioner is requesting that his petition be transferred by this court to the Fifth Circuit Court of Appeals and treated as a motion to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A), petitioner may file such a motion, clearing requesting a transfer.  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring successive petitions to the Circuit).

If petitioner is attempting to file a direct appeal of a judgment of the District Court, he also does not need the permission of the District Court to do so.  Petitioner is advised, however, that there is, as yet, no decision of the District Court to appeal.  A recommendation to dismiss and deny the petition has been made to the District Judge, but the District Court has not yet adopted it.  If petitioner believes the recommendation is wrong, legally or factually, he may file objections.  Petitioner is granted an extension of ten days from the date of this order to file objections to the memorandum and recommendation.  After the District Court enters final judgment, petitioner has 30 days to file his Notice of Appeal.  Fed. R. App. P. 4(a)(1)(A).

If petitioner is seeking mandamus relief from the Fifth Circuit, or any other relief over which the Fifth Circuit has original jurisdiction, petitioner may seek relief from that court at any time.

Petitioner's motion (D.E. 18) is denied without prejudice.

ORDERED this 13th day of June, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE