**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **LARRY DON SYLVESTER,** § | |
| Petitioner, § | |
| V. § | |
| § | C.A. NO. C-07-33 |
| **NATHANIEL QUARTERMAN,** § | |
| Director, TDCJ-CID, § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

On August 27, 2007, final judgment was entered dismissing, as successive, petitioner's § 2254 petition without prejudice so that he could seek permission from the Fifth Circuit Court of Appeals to file it (D.E. 21, 22). On September 11, 2007, petitioner filed a pleading docketed by the Clerk as a "Motion Status of Sentencing" (D.E. 24). The pleading is a letter repeating plaintiff's request for relief on the merits. As such, it will be treated as a motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e). It is respectfully recommended that the motion be denied.

**Discussion**

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). In this case, final judgment was

entered on August 27, 2007 ( D.E. 22).  Plaintiff's letter was filed September 11, 2007 (D.E. 27).  Even without accounting for the mailbox rule, the motion was filed within ten days of entry of judgment because weekends and the September 3rd Labor Day holiday are not counted toward the ten day time limit for filing motions pursuant to FED. R. CIV. P. 59(e).  *See* FED. R. CIV. P. 6(a) (excluding weekends and certain holidays when the time prescribed by the rules is eleven days or less).   Thus, his motion was filed within ten days of entry of final judgment, and is properly considered under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment.  Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

In his motion to alter or amend (D.E. 24), plaintiff once again requests relief on the merits of his claims.  He completely fails to address the basis on which his action was dismissed, that is, the fact that his petition was dismissed as second or successive.  Before the District Court can address it, plaintiff must file, directly in the Fifth Circuit Court of Appeals, a motion for leave to file a successive petition.  Plaintiff  fails to argue or demonstrate that there was any manifest error of law or fact in the decision of the District Court, nor does he present any new evidence.  His case was properly dismissed as successive.

### III.  Recommendation

Plaintiff has failed to establish manifest errors of law or fact or present newly discovered evidence as required in a Rule 59(e) motion.  Accordingly, it is respectfully recommended that plaintiff's motion, treated as a motion to alter or amend the judgment (D.E. 24) , be denied.

Respectfully submitted this 27th day of September, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).